UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REUBEN D. LEHMANN,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE CALHOUN, PROSECUTING ATTORNEY ZACHARY PALL, and OFFICER CHRISTENSEN,<br><br>Defendants. | Case No. 3:15-cv-544-EJL-CWD<br><br>**REPORT AND RECOMMENDATION RE: MOTION TO DISMISS (DKT. 9)**<br><br>**and**<br><br>**ORDER RE: FIRST REQUEST FOR JUDICIAL NOTICE (DKT. 10)** |

## I.   INTRODUCTION

Plaintiff Reuben Lehmann filed a complaint under 42 U.S.C. § 1983 against state Magistrate Judge Stephen Calhoun, Lewis County Prosecuting Attorney Zachary Pall, and Lewis County Sheriff's Deputy Cody Christensen, on November 18, 2015.[1] Pending before the Court are Judge Calhoun's: (1) request for judicial notice of docket entries for the related Idaho state court matter (Dkt. 10); and (2) motion to dismiss the complaint. (Dkt. 9.) In the interest of avoiding delay, and because the Court conclusively finds the

---

[1] Lehmann has previously filed multiple actions in this court. The companion case to this one is *Lehmann v. Harris et al.*, 1:15-cv-00386-BLW, which raises similar allegations against a judge, prosecutor, and police officer in the state of Oregon. Other cases include *Lehmann v. State of Idaho*, 1:11-cv-00526-BLW, and *Lehmann v. State of Idaho*, 1:12-cv-00122-EJL.

**REPORT, RECOMMENDATION, AND ORDER - 1**

decisional process would not be significantly aided by oral argument, the pending motions will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court will grant the request for judicial notice and recommend that the motion to dismiss be granted.

## II.   BACKGROUND[2]

On May 11, 2015, Lewis County Sheriff's Deputy Cody Christensen conducted a traffic stop of a vehicle in Lewis County, Idaho. The driver of the vehicle was Plaintiff Reuben Lehmann ("Lehmann"). Christensen ran Lehmann's records and discovered that Lehmann's driver's license was suspended in Oregon. Christensen issued a citation to Lehmann, Idaho Uniform Citation Number 16002, for violation of Idaho Code § 18-8001 by driving without privileges, a misdemeanor offense.[3] (Dkt. 10-1.)

On June 10, 2015, Lewis County Prosecutor Zachary A. Pall filed a formal amended criminal complaint charging Lehmann with violation of Idaho Code § 18-8001 for driving without privileges. (Dkt. 10-2.) The case proceeded to a jury trial, over which Magistrate Judge Stephen Calhoun presided. On September 14, 2015, the jury found Lehmann guilty of driving without privileges, and Judge Calhoun sentenced Lehmann to 90 days in jail, 80 days suspended, fines and court costs in the amount of $472.50, and placed Lehmann on probation without driving privileges for a 1 year period. (Dkt. 10-3.)

---

[2] For deciding Judge Calhoun's motion to dismiss, this background section accepts as true the allegations raised in Lehmann's complaint. The Court considers any disputed material facts in the light most favorable to Lehmann. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).
[3] Both the Idaho citation and Christensen's notation on the citation: "6/12/14-to indefin[i]te Oregon" relate to Lehmann's prior Oregon driving privileges suspension.

**REPORT, RECOMMENDATION, AND ORDER  - 2**

Lehmann appealed the conviction to the Lewis County District Court, and that appeal is pending. (Dkt. 9-1 at 4.)

Lehmann contends in his Complaint Judge Calhoun acted unconstitutionally during the misdemeanor criminal trial. Some of his claims include that Judge Calhoun did not have jurisdiction to preside over the criminal case, he illegally threatened Lehmann with contempt for failing to participate in his criminal case, and he improperly refused to consider Lehmann's objections and evidence during the trial. (Dkt. 1 at 5–6.)

Stemming from the circumstances that led to Lehmann's misdemeanor conviction, Lehmann filed this federal civil action on November 18, 2015, under 42 U.S.C. § 1983, naming Judge Calhoun as a defendant, as well as Prosecutor Zachary Pall and Sheriff's Deputy Cody Christensen. (Dkt. 1.) On December 10, 2015, Defendant Judge Calhoun filed this motion to dismiss. (Dkt. 9.) Defendant Judge Calhoun also filed his First Request for Judicial Notice. (Dkt. 10.) Before taking up the motion to dismiss, the Court will consider the related request for judicial notice.

### III.   JUDGE CALHOUN'S FIRST REQUEST FOR JUDICIAL NOTICE (DKT. 10)

Judge Calhoun requests the Court take judicial notice of five documents pursuant to Federal Rule of Evidence 201: (1) docket entries of the criminal case, *State v. Lehmann*, Second Judicial District, State of Idaho, County of Lewis, Case No. CR-2015-315; (2) Idaho Uniform Citation (dated May 11, 2015) (Dkt. 10-1); (3) Formal Amended Criminal Complaint (dated Sept. 10, 2015) (Dkt. 10-2); (4) Judgment of Conviction (dated Sept. 14, 2015) (Dkt. 10-3); and (5) Order (dated Dec. 2, 2015). (Dkt. 10-4.)

Without citing any authority, Lehmann objects to Judge Calhoun's First Request for Judicial Notice in his Objection to Judge Calhoun's motion to dismiss. (Dkt. 16.)

Federal Rule of Evidence 201 authorizes a court to take judicial notice of adjudicative facts so long as any such fact is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Federal Rule of Evidence 201(c)(2) provides that the court must "take judicial notice if a party requests it and the court is supplied with the necessary information."

The Court finds the docket entries in state criminal case *State v. Lehmann*, CR-2015-315, the Idaho Uniform Citation, the Formal Amended Criminal Complaint, the Judgment of Conviction, and the Order meet the criteria for judicial notice pursuant to Federal Rule of Evidence 201, in that the facts can be readily determined from the trial court docket and state court filings, and their accuracy cannot reasonably be questioned. On the record before it, the Court will overrule Lehmann's objection and grant Judge Calhoun's request for judicial notice.

## IV.   JUDGE CALHOUN'S MOTION TO DISMISS (DKT. 9)

### A.   *Standard of Review Applicable to Rule 12(b)(6)Motions*

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir.1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary

judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866, n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005). In addition, the Court may take judicial notice of pleadings and orders filed in related state court cases. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a

**REPORT, RECOMMENDATION, AND ORDER  - 5**

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

The United States Supreme Court has identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the Court need not accept as true, legal conclusions that are couched as factual allegations. *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**B.** *Discussion*

Lehmann alleges multiple claims against Judge Calhoun in his complaint. Specifically, he alleges that, during the state court trial, Judge Calhoun acted outside of his jurisdiction, improperly refused to consider evidence, and illegally threatened Lehmann with contempt for failing to participate in his criminal case. He also accuses Judge Calhoun of treason, "terrorist bullying," and a conspiracy to commit fraud for these alleged actions during Lehmann's criminal trial. Judge Calhoun argues the complaint is subject to dismissal on the grounds of judicial immunity.[4]

The United States Supreme Court has held that individuals performing certain governmental functions have absolute immunity from liability under 42 U.S.C. § 1983.

---

[4] Judge Calhoun requests the Court dismiss the entire complaint with prejudice, including the claims against the police officer and the county prosecutor. However, Judge Calhoun cannot defend an action on behalf of the officer and prosecutor, who have appeared separately in this matter by filing their Answer. (Dkt. 3.)

*Nixon v. Fitzgerald*, 457 U.S. 731, 751–752 (1982). Whether absolute immunity is available to an official does not depend on the official's job title or agency; the focus is on the function that the official was performing when taking the actions that provoked the lawsuit. *Bothke v. Fluor Eng. and Constructors, Inc.*, 713 F.2d 1405, 1412 (9th Cir. 1983). The Supreme Court has recognized absolute immunity for those performing judicial, legislative, and prosecutorial functions. *Nixon*, 457 U.S. at 745. Absolute immunity is accorded to these functions so that the decision making process is not hampered by a fear of lawsuits. *Id.*

Judges are accorded absolute immunity to suits for monetary damages for their judicial acts. *Nixon*, 457 U.S. at 744. It is well settled that "judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official functions." *Partington v. Gedan*, 961 F.2d 852, 866 (9th Cir. 1992) (quoting *Ashelman II v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986)). "A judge is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The scope of absolute immunity is broadly construed to ensure independent and disinterested judicial and prosecutorial decision making. *Ashelman II*, 793 F.2d at 1078.

Judge Calhoun was acting in his official judicial capacity when he presided over Lehmann's misdemeanor criminal trial and issued orders related to the trial court proceeding. The manner in which Judge Calhoun conducted the trial, including allegedly threatening contempt, and considering evidence, and sentencing, were all actions within his judicial discretion and authority, and are functions regularly performed by a trial

**REPORT, RECOMMENDATION, AND ORDER  - 7**

judge. The doctrine of absolute immunity bars Lehmann's claims against Judge Calhoun. Lehmann's remedy, if he believes the judge erred, was to appeal his conviction, which he has done.

Accordingly, the Court will recommend that Judge Calhoun's motion to dismiss be granted. Because no amendment would save Lehmann's claims against Judge Calhoun, the court also recommends leave to amend be denied.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      Judge Calhoun's Motion to Dismiss (Dkt. 9) be **GRANTED**, without leave to amend.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED:**

1)  Judge Calhoun's First Request for Judicial Notice (Dkt. 10) is **GRANTED**.

Dated: **March 01, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT, RECOMMENDATION, AND ORDER  - 8**