UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ,<br>REUBEN D. LEHMANN,<br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br><br>JUDGE CALHOUN, PRSECUTING<br>ATTORNEY ZACHARY PALL, AND<br>OFFICER CHRISTENSEN<br>　　　　　　　　　　Defendants. | Case No. 3:15-CV-00544-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

　　　　On March 1, 2016, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. (Dkt.19.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Plaintiff Reuben D. Lehmann filed an objection and affidavit of facts. No response to the objection was filed by Defendants.

### DISCUSSION

　　　　Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In

**ORDER - 1**

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

In this case, since an objection was filed, the Court conducted a *de novo* determination of the Report and Recommendation and Order Re: First Request for Judicial Notice. The Court has, however, reviewed the Report and Recommendation and Order as well as the record in this matter and finds no clear error on the face of the record. Moreover, the Court finds the Report and Recommendation and Order is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same.

Plaintiff Lehmann argues his civil rights were violated by the state court Magistrate Judge, the prosecuting attorney and the officer issued the original violation for driving without privileges since Plaintiff's driver's license had been suspended in Oregon. Lehmann took the matter to trial and a jury found him guilty of violating Idaho Code § 18-8001. That matter is currently on appeal.

**ORDER - 2**

Magistrate Judge Calhoun filed a motion to dismiss the Complaint based on a failure to state a claim upon which relief can be granted since judges are entitled to absolute immunity to suites for monetary damages for their judicial acts. Judge Dale found Judge Calhoun was entitled to absolute immunity for all actions related to Plaintiff's criminal proceedings and that leave to amend would be futile. Plaintiff objects that judicial immunity is not appropriate where his rights have been violated by the judge's rulings and statements in his criminal trial.

The Court agrees with Judge Dale that the motion to dismiss should be granted. The law is clear that judges are entitled to judicial immunity for their judicial acts. *Nixon v. Fitzgerald*, 457 U.S. 731, 751-752 (1982). All the alleged improper actions by Judge Calhoun were acts in performance of his job as a judge and are entitled to absolute immunity. The Court understands that Plaintiff has a different interpretation of a judge's duties and that Plaintiff mistakenly thinks he can serve documents on the Court that require the Court to respond to his demands. This is not how the judicial system works.

Plaintiff's arguments regarding Judge Calhoun's failure to respond to a "Certified Delegation of Authority Order" is one example of the meritless arguments being made by Plaintiff. Under the Constitution, the courts are empowered to interpret and apply the laws of the land. Citizens do not have the authority to issue demands upon a Court. Citizens can file complaints and motions, but the judge has the ultimate say in a court action and the judge's orders are subject to being reviewed on appeal to prevent abuses of discretion or clearly erroneous rulings. Judges must be free to decide cases based upon the law and

**ORDER - 3**

without the fear of being sued civilly for fulfilling their duties. This is why we have judicial immunity for judges when they are performing their judicial duties. That is exactly what happened in this case. Judge Calhoun was performing his judicial duties in presiding over the criminal jury trial. Plaintiff can appeal the rulings, but he cannot hold the judge personally liable for any errors.

Plaintiff's "authority" for how the judge has violated his rights is not a correct statement of the law and does not defeat this Court's finding that Judge Calhoun is entitled to judicial immunity from Plaintiff's claims. Plaintiff's objection is denied.

Additionally, Plaintiff appears to object to the Court's order taking judicial notice of certain court filings, but not his filings. This Court finds the judicial notice taken by Judge Dale of certain court filings and Idaho statutes is proper under Federal Rules of Evidence 201. Plaintiff's request for judicial notice is denied as his pleadings are merely statements of his arguments, not judgments of the Court or Idaho statutes. Therefore, his pleadings do not satisfy the requirements of Rule 201. The objection is denied.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 19) shall be **INCORPORATED** by reference, **ADOPTED** in its entirety and ordered as follows:

1. Plaintiff's appeal or objection to Judge Dale's Order granting Judge Calhoun's First Request for Judicial Notice is DENIED.

2. Judge Calhoun's Motion to Dismiss (Dkt. 9) is GRANTED without leave to amend. All claims against Judge Calhoun are hereby DISMISSED WITH PREJUDICE.

DATED: November 1, 2016

Edward J. Lodge
United States District Judge