UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REUBEN D. LEHMANN,<br><br>               Plaintiff,<br><br>v.<br><br>JUDGE CALHOUN; PROSECUTING ATTORNEY ZACHARY PALL; and OFFICER CHRISTENSEN,<br><br>               Defendants. | Case No. 3:15-cv-00544-EJL-CWD<br><br>**ORDER RE: DKT. 29**<br><br>**REPORT AND RECOMMENDATION RE: DKT. 28** |

## INTRODUCTION

Before the Court is the motion to dismiss filed by Defendants Zachary Pall and Cody Christensen on January 24, 2017, pursuant to Fed. Rule Civ. P. 12(b)(6).[1] Plaintiff has not filed a response. The allegations in the Complaint arise from Plaintiff's conviction, after a jury trial, of the misdemeanor crime of Driving Without Privileges in Lewis County, Idaho. Based upon its review of the record and the authorities cited, the Court recommends Defendants' motion to dismiss be granted.

---

[1] The Court has already dismissed the claims asserted against Judge Calhoun. (Dkt. 23.)

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On November 18, 2013, Plaintiff received a traffic citation in Malheur County, Oregon, for speeding. On January 14, 2014, Plaintiff attended a hearing regarding that citation and was ordered to pay a $260.00 fine. On April 13, 2014, the Oregon Department of Transportation addressed a notice to the same address Plaintiff has listed as his address of record in this matter. The letter stated Plaintiff's license was going to be suspended on June 12, 2014, "for failure to pay a fine or comply with a court's order."

On May 11, 2015, Lewis County Sheriff's Deputy Cody Christensen conducted a traffic stop of Plaintiff, citing him for Driving Without Privileges in violation of Idaho Code § 18-8001, because his driver's license had been suspended indefinitely on June 12, 2014. On September 10, 2015, Lewis County Prosecuting Attorney Zachary Pall filed a formal Amended Complaint charging Plaintiff with Driving Without Privileges in violation of Idaho Code §18-8001.

On September 14, 2015, Plaintiff represented himself in a jury trial in Lewis County with Judge Calhoun presiding. The jury found Plaintiff guilty of Driving Without Privileges in violation of Idaho Code § 18-8001. Plaintiff appealed his conviction to the District Court and next to the Idaho Supreme Court, where the matter is still pending.

On November 18, 2015, Plaintiff filed this lawsuit alleging general violations of his constitutional rights, pursuant to 42 U.S.C. § 1983, as a result of his criminal conviction in Lewis County for Driving Without Privileges.

> With respect to Christensen, Plaintiff alleges the following:
>
> 8.) No fully informed jury was allowed, in violation of the 7th Amendment and Supreme Court rulings. CALHOUN declared himself KING, with the aid of the so called Prosecutor PALL and the police employees working in concert to win "conviction".

(Dkt. No. 1, p. 5).

> 1.) On 5/11/2014 [sic], a so called citation was issued with no Summons by Idaho State employee CHRISTENESEN [sic] #2109, "police officer". Said citation is not a complaint originating from any injured party and is in fact impersonating official papers. No summons was ever served. This is a direct violation of R.I.C.O. using official appearing "legal" papers to extort funds and resources from Mr. Lehmann and We the People under T.D.C., lacking even a competent signature. It is also acting on a claimed suspension from an Oregon court of no record that by definition has no such authority that did not notice Mr. Lehmann.

(Dkt. No. 1, p. 3).

> a) The intrusion of 5/11/2015 by "officer" CHRISTENSEN, who was notified of Mr. Lehmann's Constitutional position and the fact that Lehmann had not been notified of any suspension by the so called court of no record in Oregon. CHRISTENSEN chose to act in the face of evidence of his illegal act.

(Dkt. No. 1, p. 7).

> With respect to Pall, plaintiff alleged the following:
>
> 8) No fully informed jury was allowed, in violation of the 7th Amendment and Supreme Court rulings. CALHOUN declared himself KING, with the aid of the so called Prosecutor PALL and the police employees working in concert to win "conviction". CALHOUN refused to hear any of Mr. Lehmann's objections, or anything questioning

> Jurisdiction and proceeded to act as King, manipulating the jury and acting as executioner (the King has not had that kind of authority since Magna Carta). "King CALHOUN" did intimidate Lehmann and consistently interrupt his attempts to present evidence, so the conspiratorial team of cartel members, all with a finger in the pie, could beat Lehmann down with no chance of help. A continuing violation of the 6th Amendment Burqett v. Texas 389 U.S. 109; page 2 Georgia v. Brailford U.S. Supreme Court;
>
> Any claim of immunity would require an enabling act, or it would be repugnant to the Constitution and must be considered null and void under the equal footing doctrine, all men are created equal. Lehmann never defended against any claim from the team, and plainly proved there was no jurisdiction due to the fact none of them could swear that they had taken the required and worded oath, therefore were holding no lawful office.

(Dkt. No. 1, pp. 5-6).

> b) "judge" CALHOUN did exit judicial capacity with "prosecutor" PALL's assistance when he refused to consider Mandatory Judicial Notice filed under special appearance, questioning Jurisdiction, and notice of federal title 42 USC @ 1983 complaint against Oregon "judge" MAHONY, calling it "bogus", evidencing that Oregon did commit failure to notice Mr. Lehmann of said suspension, with full knowledge that any action must be served in hand or by signed receipt of mailing when, We the People notice the Court. All with no contrary evidence. F.R.C.P. Uniform Interstate Procedure Act, Article 2 (b)
>
> c) "Judge" CALHOUN did exit judicial capacity with the assistance of "prosecutor" PALL, when he did continue the action despite no evidence of any injured party, or any contract, or agreement.

(Dkt. No. 1, p. 7).

**REPORT AND RECOMMENDATION - 4**

## ANALYSIS

**1.    Judicial Notice**

Preliminarily, the Court will consider Defendants' motion for judicial notice. Specifically, Defendants ask the Court to take judicial notice of the docket entries for the companion civil case filed by plaintiff in *Lehmann v. Harris*, et. al., 1:15-cv-00386-BLW, and specifically the attachments to Affidavits filed by Plaintiff at Dkt. No. 14 of that companion case. These documents include the Oregon Uniform Citation, the Oregon notice of suspension; and Idaho Uniform Citation No. 16002.

In addition, Defendants request that the Court take judicial notice of certain documents in the criminal proceedings in *State v. Lehmann*, Second Judicial District Court, State of Idaho, County of Lewis, Case No. CR-2015-000315, the underlying facts of which form the basis for Plaintiff's claims in this matter. (*See* Dkt. No. 1, p. 3). The documents are the April 20, 2016 Opinion of District Judge Gregory Fitzmaurice on Plaintiff's Appeal of his conviction; and, the Idaho Repository of *State v. Lehmann*, CR-2015-000315.

Under Fed. R. Evid. 201, a court may take judicial notice of public records outside the pleadings. If the Court considers matters outside the complaint when deciding a motion to dismiss, the motion must be converted to a Rule 56 motion for summary judgment. Fed. Rule Civ. P. 12(b). Federal Rule of Evidence 201, however, includes an exception. Subsection (f) of the rule provides that "judicial notice may be taken at any stage of the proceeding." Matters of public record are appropriate for judicial notice; thus, the Court may take notice of public records and consider them in deciding a motion

to dismiss without converting the motion into one for summary judgment. *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008).

Public documents that are filed with the Court may be judicially noticed when deciding a motion to dismiss, even if the filings are not cited in the complaint. Here, the Court finds it appropriate to take judicial notice of the Oregon Citation and Complaint, issued on November 18, 2013; the Oregon Driver and Motor Vehicle Services notice of suspension; Idaho Uniform Citation No. 16002, served on May 11, 2015; the Oregon court's order; the written opinion of the district court in *Idaho v. Lehmann*, Case No. CR 15-315; and, the Idaho repository showing the case history for *Idaho v. Lehmann*, Case No. CR 15-315.

All of these documents are matters of public record, and form the basis for the complaint here. Accordingly, the motion for judicial notice will be granted with regard to the above mentioned documents.[2]

## 2. Standard of Review

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id*.

---

[2] The Court did not reference the additional documents attached to Defendants' motion and for which they sought judicial notice.

A motion to dismiss will be granted only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A judgment on the pleadings may be granted only when it appears beyond a doubt that the claiming party can prove no set of facts in support of his claim which would entitle him to relief. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (internal quotations and citations omitted).

When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). A judgment on the pleadings is appropriate when, taking all the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). Although the Court must take all the factual allegations in the complaint as true, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.

*Caviness v. Horizon Comm. Learning Cent., Inc*., 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

3. **Plaintiff's Claims Are Barred by** *Heck v. Humphrey*

Plaintiff's § 1983 claims regarding his criminal case are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a civil rights claim that would "render a conviction or sentence invalid . . . is not cognizable under § 1983." *Id*. As a result, if a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, the plaintiff must first prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

If a plaintiff's claims are barred by *Heck*, the claims must be dismissed without prejudice. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (stating that a dismissal without prejudice would allow a plaintiff to "reassert his claims if he ever succeeds in invalidating his conviction").

Here, if Plaintiff was successful in this matter, it would imply the invalidity of his state court conviction, which appears to remain pending on appeal.

4. **Claims Against Defendant Christensen**

    A. *RICO Claims*

Plaintiff alleges the failure to serve a summons with the citation on May 11, 2014, is a direct violation of RICO because it used official papers to extort funds from Plaintiff.

**REPORT AND RECOMMENDATION - 8**

18 U.S.C. § 1962(c) makes it unlawful for "any person employed by or associated with [an] enterprise ... to conduct or participate directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

To state a civil claim for a RICO violation under 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). Further, "[t]o have standing under civil RICO, [a plaintiff] is required to show that the racketeering activity was both a but-for cause and a proximate cause of his injury." *See Rezner v. Bayerische Hypo–Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) (citing *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)). For RICO purposes, proximate causation requires "some direct relation between the injury asserted and the injurious conduct alleged." *See Holmes*, 503 U.S. at 268; *see also Bridge v. Phoenix Bond Indem. Co.*, 553 U.S. 639, 655 (2008) (explaining that finding of proximate causation for RICO claims requires that "particular emphasis" be placed on "demand" for direct relation between asserted injury and alleged RICO violation) (citing *Holmes*, 503 U.S. at 268; *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) ("When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries.")).

However, under Idaho state law, a uniform citation may act as a complaint in a

prosecution of a misdemeanor. *See* I.M.C.R. 3(b);[3] *see also* I.C.R. 3.1.[4] The trial may be conducted entirely upon the uniform citation unless a sworn complaint is demanded by any party within a specified time. *See id*. In the underlying criminal action, Plaintiff requested that a sworn complaint be filed and Prosecuting Attorney Pall did file the complaint prior to the trial. (*See* Dkt. 10-2.) There is no basis upon which Plaintiff can maintain a RICO claim here.

### B. *Lack of Notice*

Next, it appears Plaintiff contends that the issuance of the citation was improper, because Plaintiff had not received notice his license was suspended in Oregon. Plaintiff has failed to plead any constitutional claim with regard to the issuance of the citation in this regard. Further, the state district court addressed Plaintiff's claim of lack of notice:

> Lehmann alleges that he did not receive notice of Oregon's suspension of his driver's license. Idaho Code § 49-320 gives the driver the responsibility to give notice to the Idaho Transportation Department if their address has changed. I.C. §49-320(2) also states, as does I.C. § 18-8001, that notification by first class mail at the address shown on the driver's license or at the address given by the driver provides legal notice.

(Dkt. No. 29, Exh. B, p. 3).

The notice of suspension from Oregon is addressed to P.O. Box 7315, Boise, Idaho 83707, the same address Plaintiff has given this Court as his address of record. Even if the Court assumes the notice of suspension was never mailed Plaintiff,

---

[3] I.M.C.R. 3(b) states: "Use of citation. The complaint in a uniform citation may be used as the complaint to prosecute a misdemeanor, whether or not there is an arrest without a warrant, an arrest pursuant to a warrant issued on a uniform citation, or a complaint and summons to appear by a uniform citation."
[4] I.C.R. 3.1 states: "Any misdemeanor may be charged and prosecuted by an Idaho Uniform Citation (Summons and Complaint) as provided in the Misdemeanor Criminal Rules (M.C.R.)."

**REPORT AND RECOMMENDATION - 10**

Christensen had reasonable grounds, in accordance with Idaho Misdemeanor Criminal Rule 5,[5] to issue the citation, based on the information he received showing Plaintiff's license was suspended indefinitely in the state of Oregon on June 12, 2014.

C. *Immunity*

Plaintiff's last potential claim against Christensen arises from Christensen's participation in the jury trial which resulted in Plaintiff's conviction for driving without privilege. However, witnesses, including police officers, are absolutely immune from liability for testifying at trial. *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015). Because Christensen is absolutely immune from claims based upon his trial testimony, Plaintiff's claims should be dismissed.

5. **Claims Against Pall**

Plaintiff appears to allege that Judge Calhoun, together with Pall, operated in concert to convict Plaintiff. "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.'" *Doe v. Blackfoot School Dist. #£55*, 2014 WL 806454, at *4 (D. Idaho Feb. 28, 2014).

Because Plaintiff's claims against Pall arise solely out of Pall's activities in prosecuting the misdemeanor charge against Plaintiff, Pall is immune from liability.

---

[5] Under I.M.C.R. 5, "a peace officer may issue a uniform citation for a citable offense in which the officer shall certify that the officer has reasonable grounds to believe, and does believe, that the person cited committed the offense contrary to law."

**REPORT AND RECOMMENDATION - 11**

## CONCLUSION

Based upon the foregoing analysis, the Court recommends the claims against Pall and Christensen be dismissed with prejudice, because Plaintiff's claims either fail substantively, or are barred because of immunity. Alternatively, the Court may dismiss the claims without prejudice pursuant to *Heck*.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion for Judicial Notice (Dkt. 29) is **GRANTED**.

DATED: April 19, 2017

_____
Honorable Candy W. Dale
United States Magistrate Judge

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendant's Motion to Dismiss (Dkt. 28) be **GRANTED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: April 19, 2017

_____
Honorable Candy W. Dale
United States Magistrate Judge