UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REUBEN D. LEHMANN, an Individual,<br><br>        Plaintiff,<br>vs.<br><br>JUDGE CALHOUN; PROSECUTING ATTORNEY ZACHARY PALL; and OFFICER CHRISTENSEN<br>        Defendants. | Case No. 3:15-cv-00544-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## INTRODUCTION

On April 19, 2017 United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that Defendants' Motion to Dismiss be granted. (Dkt. 20.)[1] Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1)*; Local Civil Rule 72.1(b)*. The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No objections were filed. The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

---

[1] Magistrate Judge Dale also issued an Order taking judicial notice of certain mentioned documents as matters of public record and form the basis for the complaint.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

The Court has reviewed the entire Report as well as the record in this matter for

clear error on the face of the record and none has been found.

## DISCUSSION

The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 32.) The Plaintiff is an individual appearing *pro se*. (Dkt. 1.) Plaintiffs raise § 1983 claims against the Defendants seeking damages for alleged violations of the Fifth, Seventh, and Fourteenth Amendments. (Dkt. 1.) Defendant filed a Motion to Dismiss all claims against the remaining Defendants, Officer Christensen and Prosecuting Attorney Pall, under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 28.)

As to dismissal pursuant to Rule 12(b)(6), the Court finds the Report applied the proper law to the facts in concluding that the Complaint failed to state a RICO claim or a Lack of Notice claim against Officer Christensen. Even if Plaintiff had properly alleged a claim, this Court agrees that Officer Christensen had absolute immunity to claims based on his trial testimony.

The Court finds the Report also applied the proper law to the facts in finding that Prosecuting Attorney Pall has immunity under § 1983 to all claims that arise out of his conduct in prosecuting the misdemeanor charge against Lehmann.

The Report concluded that all of the claims against Officer Christensen and Prosecuting Attorney Pall fail substantively and are also barred by immunity clauses so they should be dismissed with prejudice. (Dkt. 32.) In the alternative, the Report concluded Plaintiff's claims were also barred by *Heck v. Humphrey* as success in this matter would imply the invalidity of his state court conviction, which remains pending on appeal,

requiring dismissal without prejudice.

Having reviewed the record in this matter for clear error, this Court agrees with the Report and adopts the Report's analysis, discussion, and conclusion that Plaintiff's claims should be dismissed with prejudice as his claims fail substantively and are otherwise barred by immunity. This Court grants the Motion to Dismiss and all of Plaintiff's claims are dismissed with prejudice.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on April 19, 2017 (Dkt. 32) is **ADOPTED IN ITS ENTIRETY** and the case is **DISMISSED WITH PREJUDICE**.

DATED: May 18, 2017

_____
Edward J. Lodge
United States District Judge